**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

CANDRICE C. BOYD,                          )
                                           )
                    Plaintiff,             )
                                           )
        v.                                 )          No. 4:23-CV-0013 JMB
                                           )
EXPERIAN,                                  )
                                           )
                    Defendant.             )

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Candrice C. Boyd for leave to commence this civil action without prepayment of the required filing fee. [ECF No. 2].  Having reviewed the motion and the financial information submitted in support, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, for the reasons discussed below, the Court will direct plaintiff to file an amended complaint on a Court-provided form. Plaintiff's motion for appointment of counsel will be denied at this time.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as

true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff is a self-represented litigant who lives in Saint Peters, Missouri. She brings this civil action pursuant to the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq*. ([ECF No. 1). Plaintiff also accuses defendant of defaming "her character." Plaintiff's complaint names Experian as the sole defendant in this action.

Rather than fill out the "Statement of Claim," in the body of the form complaint, plaintiff has attached a copy of a letter she sent to defendant Experian on December 16, 2022. In the letter, plaintiff asserts that Experian has violated her "consumer privacy rights" and "defamed [her] character."

Plaintiff includes as an attachment to the letter, a document she received from LexisNexis on December 14, 2022, indicating that plaintiff had complained to LexisNexis about the report of her bankruptcies to Consumer Reporting Agencies (CRAs). The letter to LexisNexis refers to two bankruptcies filed by plaintiff in the United States Bankruptcy Court for the Eastern District of Missouri. *See In re Candrice C. Boyd*, No. 4:13BK40055 (B.K. E.D. Mo. 2013); *In re Candrice C. Boyd*, No. 4:2017BK45299, (B.K. E.D. Mo. 2017).[1]

Also attached to plaintiff's December 16, 2022, letter to Experian was a copy of a complaint she sent to the Consumer Financial Protection Bureau (CFPB) on November 16, 2022. In her complaint to the CFPB, plaintiff alleges that because she failed to give "written authorization to share any of [her] personal information," including notice of her bankruptcies, she believes that the CRAs had acted in identity theft by "digging for consumer's private information." Plaintiff asserts that she wants all bankruptcy information, as well as tax lien information, removed from her credit report.

In her request for relief, plaintiff seeks "removal of bankruptcy item #1745299."

---

[1]This Court takes judicial notice of the two bankruptcies, as confirmed by Pacer.uscourts.gov. *In re Candrice C. Boyd*, No. 4:13BK40055 (B.K. E.D. Mo. 2013) was filed as a Chapter 7 discharge. The Order Discharging Debtor was entered by the Honorable Barry S. Schermer on March 27, 2013. *Id. In re Candrice C. Boyd*, No. 4:2017BK45299, (B.K. E.D. Mo. 2017) was filed as a Chapter 13 reorganization. The bankruptcy case was closed on August 12, 2021. *Id.*

## Discussion

Plaintiff is a self-represented litigant who brings this civil action pursuant to the FCRA, naming Experian as the sole defendant in this action. Because plaintiff is proceeding in forma pauperis, the Court has reviewed her complaint pursuant to 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the complaint is subject to dismissal for failure to state a claim. However, plaintiff will be allowed to file an amended complaint.

### A.  Deficiencies in Complaint

As previously noted, plaintiff purports to bring this case under the FCRA. Congress enacted the FCRA "to address a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." *McIvor v. Credit Control Services, Inc.*, 773 F.3d 909, 915 (8th Cir. 2014). *See also Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008) (explaining that the FCRA "was enacted in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy"); and *Hauser v. Equifax, Inc.*, 602 F.2d 811, 914 (8th Cir. 1979) (explaining that the FCRA is not meant to provide comprehensive regulation of the consumer reporting industry, but instead establishes a broad minimum standard of reasonable procedures that must be adopted by reporting agencies).

The FCRA places responsibilities on both CRAs and those that furnish them with information. *McIvor*, 773 F.3d at 915. It "has several mechanisms to protect consumer credit information, some of which apply to credit reporting agencies while others apply to users of the information provided by those agencies." *Poehl*, 528 F.3d at 1096. Furthermore, the FCRA "provides for recovery by a consumer upon a showing of willful or negligent failure to follow reasonable procedures." *Hauser*, 602 F.2d at 914.

With regard to a claim against a CRA, when a consumer directly disputes a debt with a credit reporting agency, the agency must "conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file" if it is "inaccurate, incomplete, or cannot be verified." 15 U.S.C. § 1681i(a)(1)(A); 15 U.S.C. § 1681i(a)(5)(A). In other words, "if a consumer notifies a CRA of a dispute regarding the completeness or accuracy of information contained in the consumer's credit report, the CRA is required to conduct a reasonable reinvestigation of the disputed information and determine whether the information is inaccurate." *Ketsenburg v. ChexSystems, Inc.*, 2021 WL 963495, at *2 (E.D. Mo. Mar. 15, 2021).

As to a furnisher of information, to state a claim for violation of the FCRA, "a plaintiff must establish (1) a dispute regarding the accuracy or completeness of information from the CRA; (2) notice of the dispute from the CRA to the furnisher; and (3) the furnisher's failure to conduct an investigation, correct any inaccuracies, or notify the CRA of the results of the investigation." *Echols v. Cavalry Portfolio Services, LLC*, 2021 WL 426255, at *2 (E.D. Mo. Feb. 8, 2021).

Here, plaintiff has made allegations against Experian, a CRA stating that they have violated her "right to privacy" and "defamed her character" by "digging for consumer's private information just to keep [them] slave to subprime higher interest lending practices." Although she claims that LexisNexis has removed the bankruptcies from her file with LexisNexis, she does not contest that she had two bankruptcies in the United States District Court for the Eastern District of Missouri within the last ten (10) years. Further, plaintiff does not contest that the law states that credit reporting companies may report a bankruptcy case on a person's credit report for up to ten years from the date the bankruptcy case is discharged. *See* 15 U.S.C. § 1681c(a).

5

Rather than address the law on its face, plaintiff asserts that Experian needs to "give proof that they actually contacted" the "original creditor," to publish the information on the credit report. Plaintiff asserts that the original creditor(s) refuse to validate her bankruptcies.[2] These facts, however, are insufficient to state a claim under the FCRA.

To begin, to make out a prima facie violation of the FCRA, plaintiff must present allegations showing that a CRA "prepared a report containing inaccurate information." *See Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (8th Cir. 1991).

First and foremost, plaintiff cannot label the information on her report as inaccurate, and she has provided no facts to support her contention that the information is inaccurate. Moreover, the Court has reviewed the Bankruptcy Court records and found that plaintiff did, indeed, have two bankruptcies within the past ten (10) years. In short, her allegations regarding any inaccuracies in her credit reports are conclusory, and not sufficient to state a claim. *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do").

Similarly, plaintiff has presented no facts indicating that procedures used by Experian to verify the bankruptcies were unreasonable, or that they failed to conduct a reasonable reinvestigation of the disputed information, such as by identifying the bankruptcies on Pacer or by

---

[2]Plaintiff appears to believe that the Bankruptcy Court will not engage with Experian. However, the FAQ on the Bankruptcy Court website indicates:

> Once a case is filed with the Bankruptcy Court, that case becomes part of the Court's permanent records. With few exceptions, filings in the Bankruptcy Court are public records. This means any person or organization can view them physically in the courthouse or through a computer system named Public Access to Court Electronic Records (PACER). The PACER computer system is the most common way credit bureaus access information regarding debtors and their bankruptcy cases…Please be advised that the Bankruptcy Court has no control over what credit bureaus view on the PACER computer system and has no control over what credit bureaus do with the information they obtain through a public records search on the PACER computer system.

calling the Bankruptcy Court or going to the Bankruptcy Court to review the official court records. *See, e.g., Henson v. CSC Credit Servs.,* 29 F.3d 280, 285 (7th Cir. 1994) ("as a matter of law, a credit reporting agency is not liable under the FCRA for reporting inaccurate information obtained from a court's Judgment Docket, absent prior notice from the consumer that the information may be inaccurate").[3] Again, as above, plaintiff's pleadings are conclusory in this regard, assuming that defendants violated the FCRA without providing adequate factual support.

For all these reasons, plaintiff has failed to state a claim under the FCRA. Because she is a self-represented litigant, however, she will be given an opportunity to file an amended complaint according to the instructions set forth below.

## B.  Order to Amend

Plaintiff should type or neatly print her amended complaint on the Court's civil rights form, which will be provided to her. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party she is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption,

---

[3]The provision of Fair Credit Reporting Act requiring a consumer-reporting agency to follow reasonable procedures to assure maximum possible accuracy of consumer's reported information does not require the agency to have a live human being, with at least a little legal training, review every bankruptcy dismissal and classify it. *Hammoud v. Equifax Information Services, LLC,* 52 F.4th 669, 675-76 (6th Cir. 2022). A credit reporting agency's reliance on information gathered by outside entities is reasonable so long as the information is not "obtained from a source that was known to be unreliable" and is "not inaccurate on its face" or otherwise "inconsistent with the information the [credit reporting agencies] already had on file[.]" *Wright v. Experian Info. Sols., Inc.,* 805 F.3d 1232, 1240 (10th Cir. 2015). LexisNexis has long been thought to provide credit reporting companies with accurate, reliable information. *See, e.g., Id.* at 1241; *accord Childress v. Experian Info. Sols., Inc.,* 790 F.3d 745, 747 (7th Cir. 2015). And even then, Experian employs several safeguards to ensure the information's veracity, such as conducting periodic audits to confirm the accuracy of LexisNexis's records. *See Hammoud v. Experian Info. Sols., Inc.,* No. 19-13262, 2021 WL 5106366, at *11 (E.D. Mich. July 23, 2021).

plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should fill out the complaint form in its entirety, and ensure that it is signed.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting her claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Additional sheets of paper may be used. Plaintiff should present factual allegations only, and avoid making any legal arguments.

In structuring her amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting her claim against that specific defendant. If plaintiff is suing more than one defendant, she should follow the same procedure for each defendant. Plaintiff must provide specific allegations against each separate defendant. She cannot simply make broad allegations against all the defendants as a group.

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

**Motion for Appointment of Counsel**

Plaintiff has filed a motion to appoint counsel [ECF No. 3]. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that she can adequately present her claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's civil complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED AT THIS TIME**.

**IT IS FURTHER ORDERED** that upon receipt of plaintiff's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 9th day of January, 2021.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

10