# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CANDRICE C. BOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-0013 JMB |
| | ) | |
| EXPERIAN, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff's filing of her amended complaint. [ECF No. 6]. Having reviewed the amended complaint for frivolousness, maliciousness and for failure to state a claim pursuant to 28 U.S.C. § 1915, the Court finds that this matter is subject to dismissal.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating

that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Amended Complaint**

Plaintiff is a self-represented litigant who lives in Saint Peters, Missouri. She brings this civil action pursuant to the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq*. ([ECF No. 6). Plaintiff also accuses defendant of defaming "her character." Plaintiff's amended complaint names Experian as the sole defendant in this action.

Plaintiff filed her original complaint on January 5, 2023. [ECF No. 1]. Because plaintiff had failed to fill out the "Statement of Claim," in the body of the form complaint, the Court ordered plaintiff to amend her pleading on a court-provided form. [ECF No. 5]. Plaintiff filed her amended complaint on January 18, 2023. [ECF No. 6].

In her amended complaint, plaintiff complains that she did not give Experian consent to report her bankruptcies to Experian or other Consumer Reporting Agencies (CRAs). She has attached several exhibits to her amended complaint, including a partial copy of her credit report from Experian, as well as a copy of a letter from the Attorney Advisor at the United States Bankruptcy Court for the Eastern District of Missouri. The letter from the Attorney Advisor at the United States Bankruptcy Court for the Eastern District of Missouri references two bankruptcy actions filed by plaintiff in that Court. *See In re Candrice C. Boyd*, No. 4:13BK40055 (B.K. E.D. Mo. 2013); *In re Candrice C. Boyd*, No. 4:2017BK45299, (B.K. E.D. Mo. 2017).[1]

Plaintiff has also attached to her amended complaint a copy of a notice she filed with the Federal Trade Commission complaining of identity theft, wherein she states:

> Experian regarding CFPB complaint 220802-9150253, Per Federal Law, you have exactly 30 days to complete this Investigation as outlined per the Fair Credit Reporting Act 623(a)(3). Per the Federal Credit Reporting Act, Section 609(a)(1) you are required by federal law to verify-through physical verification of original signed consumer contract and/or Judgements-all public information that you post on anyone's credit report. As such, if these unauthorized public records 1340055 and 1745299 Information is not deleted from my credit report within the next 15 days and failure to respond in a satisfactory manner with 30 days of receipt of this certified letter ending 8915 will result in a small claims action against Experian. I will seek $30,000 In damages for, but not limited to: 1) Defamation; 2) Negligent Enhancement of Identity Fraud; 3) Violation of the Fair Credit Reporting Act and Consumer Financial Protection Bureau. CFPB filed on Equifax and LexisNexis
> . . .
> **I didn't give Experian any consent to furnish any Information. No consent, Is Identity theft. Pursuant of 15 USC 1681b 2 removed and deleted public records 1745299 and 1340055.** (emphasis added)

In addition to the aforementioned exhibits, plaintiff has prepared two "invoices" for Experian, which she has attached to her amended complaint, wherein she charges Experian

---

[1] This Court takes judicial notice of the two bankruptcies, as confirmed by Pacer.uscourts.gov. *In re Candrice C. Boyd*, No. 4:13BK40055 (B.K. E.D. Mo. 2013) was filed as a Chapter 7 discharge. The Order Discharging Debtor was entered by the Honorable Barry S. Schermer on March 27, 2013. *Id. In re Candrice C. Boyd*, No. 4:2017BK45299, (B.K. E.D. Mo. 2017) was filed as a Chapter 13 reorganization. The bankruptcy case was closed on August 12, 2021. *Id.*

3

$50,000 on May 19, 2022, and $18,000 on that same date, for purported violations of FCRA. In a letter written to Experian by plaintiff on July 30, 2022, plaintiff states:

> Notice, It is a fact, I am a federally protected consumer. Pursuant to 15 U.S Code § 1681a(c) holder in due course, attorney in fact, for any and all derivatives thereof for the surname/given and I have been appointed an accept being the executor both public and private for all matters proceeding, and I hereby claim that I will autograph for my given name, Candrice C Boyd as the agent and administrator in fact.
>
> Notice, Pursuant to 15 U.S. Code § 1681(b)(1) affiant is aware that the only way any consumer reporting agency can furnish a consumer report is with the order of a court issuing a subpoena before a federal grand jury before furnishing.
>
> Notice, it is ·a fact, affiant did not receive a subpoena issued by a federal grand jury giving Experian permission to furnish my consumer report.
>
> Notice, Pursuant to 15 U.S Code § 1681 (b)(2) affiant is aware that the only way any consumer reporting agency can furnish a consumer report is by written instruction provided by the consumer to do so.

Last, in a letter written to Experian on or about May 19, 2022, plaintiff asserts, "I did not give Experian any form of written instructions to accept, furnish or report any information on my behalf."

In her request for relief, plaintiff seeks removal of bankruptcies from her credit report and "pay attached invoice for $18,000" as well as for defendant to pay "$50,000 for defamation of character."

## Discussion

Plaintiff is a self-represented litigant who brings this civil action pursuant to the FCRA, naming Experian as the sole defendant in this action. Because plaintiff is proceeding in forma pauperis, the Court has reviewed her complaint pursuant to 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the complaint is subject to dismissal for failure to state a claim.

Congress enacted the FCRA "to address a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." *McIvor v. Credit Control Services, Inc.*, 773 F.3d 909, 915 (8th Cir. 2014). *See also Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008) (explaining that the FCRA "was enacted in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy"); and *Hauser v. Equifax, Inc.*, 602 F.2d 811, 914 (8th Cir. 1979) (explaining that the FCRA is not meant to provide comprehensive regulation of the consumer reporting industry, but instead establishes a broad minimum standard of reasonable procedures that must be adopted by reporting agencies).

The FCRA places responsibilities on both CRAs and those that furnish them with information. *McIvor*, 773 F.3d at 915. It "has several mechanisms to protect consumer credit information, some of which apply to credit reporting agencies while others apply to users of the information provided by those agencies." *Poehl*, 528 F.3d at 1096. Furthermore, the FCRA "provides for recovery by a consumer upon a showing of willful or negligent failure to follow reasonable procedures." *Hauser*, 602 F.2d at 914.

With regard to a claim against a CRA, when a consumer directly disputes a debt with a credit reporting agency, the agency must "conduct a reasonable investigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file" if it is "inaccurate, incomplete, or cannot be verified." 15 U.S.C. § 1681i(a)(1)(A); 15 U.S.C. § 1681i(a)(5)(A). In other words, "if a consumer notifies a CRA of a dispute regarding the completeness or accuracy of information contained in the consumer's credit report, the CRA is required to conduct a reasonable reinvestigation of the disputed information

5

and determine whether the information is inaccurate." *Ketsenburg v. ChexSystems, Inc.*, 2021 WL 963495, at *2 (E.D. Mo. Mar. 15, 2021).

As to a furnisher of information, to state a claim for violation of the FCRA, "a plaintiff must establish (1) a dispute regarding the accuracy or completeness of information from the CRA; (2) notice of the dispute from the CRA to the furnisher; and (3) the furnisher's failure to conduct an investigation, correct any inaccuracies, or notify the CRA of the results of the investigation." *Echols v. Cavalry Portfolio Services, LLC*, 2021 WL 426255, at *2 (E.D. Mo. Feb. 8, 2021).

Here, plaintiff has made allegations against Experian, a CRA stating that they have violated her "right to privacy" and "defamed her character" by placing information on her credit report without her permission or consent. Plaintiff does not contest that she had two bankruptcies in the United States District Court for the Eastern District of Missouri within the last ten (10) years. Further, plaintiff does not contest that the law states that credit reporting companies may report a bankruptcy case on a person's credit report for up to ten years from the date the bankruptcy case is discharged. *See* 15 U.S.C. § 1681c(a). **And plaintiff has not provided the Court with any citations to FCRA indicating that Experian needs her consent or permission to place valid financial information on her credit report.**

Rather than address the law on its face, plaintiff asserts that Experian needs to "give proof that they actually contacted" the "original creditor," to publish the information on the credit report. Plaintiff asserts that the original creditor(s) refuse to validate her bankruptcies.[2] These facts, however, are insufficient to state a claim under the FCRA.

---

[2]Plaintiff alleges that the Bankruptcy Court will not engage with Experian. However, the FAQ on the Bankruptcy Court website indicates:

> Once a case is filed with the Bankruptcy Court, that case becomes part of the Court's permanent records. With few exceptions, filings in the Bankruptcy Court are public records. **This means any person or organization can view them physically in the**

6

To begin, to make out a prima facie violation of the FCRA, plaintiff must present allegations showing that a CRA "prepared a report containing inaccurate information." *See Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (8th Cir. 1991).

First and foremost, plaintiff cannot label the information on her report as inaccurate, and she has provided no facts to support her contention that the information is inaccurate. Moreover, the Court has reviewed the Bankruptcy Court records and found that plaintiff did, indeed, have two bankruptcies within the past ten (10) years. In short, her allegations regarding any inaccuracies in her credit reports are conclusory, and not sufficient to state a claim. *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do").

Similarly, plaintiff has presented no facts indicating that procedures used by Experian to verify the bankruptcies were unreasonable, or that they failed to conduct a reasonable reinvestigation of the disputed information, such as by identifying the bankruptcies on Pacer or going to the Bankruptcy Court to review the official court records.[3] *See, e.g., Henson v. CSC Credit Servs.,* 29 F.3d 280, 285 (7th Cir. 1994) ("as a matter of law, a credit reporting agency is not liable under the FCRA for reporting inaccurate information obtained from a court's Judgment Docket, absent prior notice from the consumer that the information may be inaccurate").[4] Again, as above,

---

**courthouse or through a computer system named Public Access to Court Electronic Records (PACER).** The PACER computer system is the most common way credit bureaus access information regarding debtors and their bankruptcy cases…Please be advised that the Bankruptcy Court has no control over what credit bureaus view on the PACER computer system and has no control over what credit bureaus do with the information they obtain through a public records search on the PACER computer system. (emphasis added)

[3]Plaintiff has attached an email she received back from Pacer to her amended complaint. The email states that although Pacer does not contact CRAs, it does provide access to federal court records.

[4]The provision of Fair Credit Reporting Act requiring a consumer-reporting agency to follow reasonable procedures to assure maximum possible accuracy of consumer's reported information does not require the agency to have a live human being, with at least a little legal training, review every bankruptcy dismissal

plaintiff's pleadings are conclusory in this regard, assuming that defendants violated the FCRA without providing adequate factual support.

For all these reasons, plaintiff has failed to state a claim under the FCRA. The Court, as a result, will dismiss her federal claims for relief. To the extent that plaintiff's complaint contains state law claims that are not specifically addressed here, such as plaintiff's claim for defamation, the Court declines to exercise jurisdiction over such claims. *See* 28 U.S.C. § 1367(c)(3).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that to the extent plaintiff's amended complaint contains state law claims, the Court declines to exercise jurisdiction over such claims. *See* 28 U.S.C. § 1367(c)(3)

**IT IS FURTHER ORDERED** that an appeal of this dismissal would not be taken in good faith.

Dated this 20th day of January, 2023.

                                              HENRY EDWARD AUTREY
                                          UNITED STATES DISTRICT JUDGE

---

and classify it. *Hammoud v. Equifax Information Services, LLC,* 52 F.4th 669, 675-76 (6th Cir. 2022). A credit reporting agency's reliance on information gathered by outside entities is reasonable so long as the information is not "obtained from a source that was known to be unreliable" and is "not inaccurate on its face" or otherwise "inconsistent with the information the [credit reporting agencies] already had on file[.]" *Wright v. Experian Info. Sols., Inc.,* 805 F.3d 1232, 1240 (10th Cir. 2015). LexisNexis has long been thought to provide credit reporting companies with accurate, reliable information. *See, e.g., Id.* at 1241; *accord Childress v. Experian Info. Sols., Inc.,* 790 F.3d 745, 747 (7th Cir. 2015). And even then, Experian employs several safeguards to ensure the information's veracity, such as conducting periodic audits to confirm the accuracy of LexisNexis's records. *See Hammoud v. Experian Info. Sols., Inc.,* No. 19-13262, 2021 WL 5106366, at *11 (E.D. Mich. July 23, 2021).